GEORGE HAMMEL, PLAINTIFF-APPELLANT, v. JESSE VAN
SICKEL, DEFENDANT-APPELLEE.

Submitted March 20, 1924—Decided May 29, 1924.

**Contracts—Building—Alleged Unworkmanlike Service—Defense
That Work Was According to Plans and Specifications.**

On appeal from the Monmouth County Common Pleas.

Before Justices KALISCH, KATZENBACH and LLOYD. .

For the appellant, *Freeman Woodbridge.*

For the respondent, *Stokes & McDermott.*

PER CURIAM.

The plaintiff appeals from a judgment of the Monmouth
Common Pleas entered on a verdict of the jury in favor of
the defendant. The plaintiff's cause of action as set out in
the complaint is that the defendant agreed to construct for
the plaintiff in a workmanlike manner and of first-class ma-
terials a garage; that the defendant constructed the build-
ing in so unskillful and unworkmanlike a manner and of
such inferior material that the foundation settled, the walls
cracked and the roof and walls became leaky, and the build-
ing collapsed, damaging his automobile, which was in the
garage. It will thus be seen that there are two elements of
complaint—first, that the building was constructed in an
unskillful and unworkmanlike manner, and second, of in-
ferior materials, and that these resulted in the injury to his
automobile. The trial court submitted the case on the
branch of the complaint alleging unskillful and unwork-
manlike execution of the contract. The appeal largely rests
upon the court's failure to submit the question of materials.
It appears from the evidence that Hammel, the plaintiff,
had procured a friend by the name of Bailey to draw up a

sketch for a garage. This done, the plaintiff asked the defendant what price he would charge to build a garage; that he gave the price of $600, and that Bailey gave the defendant the sketch. The defense was that the collapse of the building was caused by defects in the plan rather than by defects in workmanship. On cross-examination plaintiff was asked by counsel for the defendant:

"*Q.* Now, Mr. Van Sickel built the garage, Mr. Hammel, in the first instance, the same as the sketch made by Mr. Bailey?

"*A.* Yes, sir.

"*Q.* And he followed out in every way, so far as you could see, exactly as that sketch called for?

"*A.* Yes, sir."

This was the whole of the testimony on the behalf of the plaintiff as to the contract and the materials.

Witnesses were called by the plaintiff to testify that the materials used were not adequate for the purpose and that proper workmanship was not given, but there was no proof that the materials were not in exact accordance with the sketch, nor that the execution, so far as the plan was concerned, was not in accordance with the sketch. The trial judge was therefore right in limiting the issue to the question of workmanship, and the complaint of the plaintiff that he did not submit all the issues to the jury is not well founded. The remaining criticisms are directed to the charge and rulings of the court respecting certain requests.

The first point is that the court improperly refused to charge the plaintiff's request as follows: "It was the defendant's duty to construct the garage in a good and workmanlike manner, and if he neglected or failed to do so, and by reason of such failure the garage collapsed and the car was damaged, your verdict must be for the plaintiff, as long as the plaintiff or his agents did not do anything which contributed to the happening."

If the defendant owed the duty of care this statement of the law was entirely accurate, and the plaintiff was entitled to have it charged, but the court had already substantially

affirmed the request in its general charge. The right to have the law stated, in the language of counsel, has been so often denied in our courts that citation of authority is unnecessary. The court said: "Now, gentlemen, if I understand the claim of the plaintiff correctly, it is not so much the nature of the location of the garage, or the fact that the bank against which it had been placed gave way, as the fact that in using the concrete block, whether it be in the material or the composition of the block or in the placing of it, it was so negligently done as to be insecure, and that in fact the rear wall itself fell as the result of poor workmanship rather than as the result of the pressure of the soil in the rear." And then, "Now, there it is claimed that the negligence of the defendant occurred, and that it was the duty of this defendant, when he undertook this work, to do it in a good and workmanlike manner. And when you speak of a good and workmanlike manner you simply mean proper execution. In other words, here you will have to determine whether or not this defendant did a good and workmanlike job, that is to say, executed his work properly, and, if he did not, whether it was so negligently done as to bring about the damages complained of in this case." And still further, "So that, gentlemen, you are to determine whether he negligently did this work, or failed to do it in a good and workmanlike manner, with the result that the rear wall buckled."

The second point raised is that it was error for the court to charge that, if concrete blocks were not the proper material to use, it was not obligatory on the defendant to decline to build the garage. We think the charge was right. From what had already been said it appears that the plaintiff had submitted a sketch. When the defendant constructed the building of the materials and in the manner called for by it, his duty to the plaintiff was at an end. It was not his duty to pass upon the sufficiency or fitness of the building for the uses to which the plaintiff intended to build it. This was the plaintiff's responsibility when he provided the sketch. As was said in the case of *Drummond* v. *Hughes,* 91 *N. J.*

L. 563, "plaintiff was entitled to the house he bargained for and not a better one."

It is next complained that the judge improperly referred to another case by way of illustration and extracting therefrom the proper rule of law. This was undoubtedly the case above cited. It is difficult to see that any injury resulted thereby.

The fourth point refers to the element of damages to the car. The jury having found for the defendant on the question of negligence, this point becomes unimportant.

The fifth point is withdrawn.

The sixth point is that it was error for the court to refuse to charge as follows: "If the defendant knew the unusual rainfall in that locality, it was his duty to build the garage with this in mind, unless he was actually under the instructions and supervision of the plaintiff or his agent." We think it was rightfully refused. The vice of the request is that the defendant was obliged to build a garage with the unusual rainfall in the locality in mind if he knew it, whereas his contract may have involved no such element.

The seventh point is that the judge refused to charge that there was no evidence in the case that anyone is interested in the result of the case except the plaintiff and defendant. As there was no evidence in the case of such third-party interest, this refusal was not error. It may be stated, however, that an examination of the record fails to disclose any such request as contained in points six and seven being presented to the trial judge for his ruling.

It is true the notice of appeal purported to give the language of such requests, but this is no part of the record of the trial. However, we have considered the whole case, both that which is properly before us and that which may not be, and find no error therein.

The judgment will be affirmed.